IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATT R. RASMUSSEN AND CAMMY C. RASMUSSEN,<br><br>       Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a California corporation; SECURITY NATIONAL MORTGAGE, a Utah corporation,<br>       Defendants. | REPORT & RECOMMENDATION RE: MOTIONS TO DISMISS<br><br>Case No. 2:12-cv-1099-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

   District Judge David Nuffer referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(B).[1]  Before the Court are two motions: (1) Defendant Wells Fargo Bank, N.A.'s, ("Wells Fargo") Motion to Dismiss[2] and (2) Defendant Security National Mortgage Company's ("Security National") Motion to Dismiss and Joinder in Defendant Wells Fargo's Motion to Dismiss.[3]  The Plaintiffs, who are *pro se* have failed to file a response or any opposition to these Motions and the time for such filing has now past. Accordingly, the Defendants have filed Requests to Submit for Decision.[4]

   The Court has carefully reviewed the motions and memoranda submitted by the Defendants.  Because the Plaintiffs have failed to timely file a response and there is no evidence that they have not received notice of these Motions, the Court could recommend that this case be dismissed pursuant to Rule 7-1(d) of the United States District Court for the District of Utah

---

[1] Docket no. 2.
[2] Docket no. 12.
[3] Docket no. 13. Defendants Wells Fargo and Security National shall hereinafter referred to collectively as "Defendants."
[4] Docket nos. 14 & 15.

Rules of Practice, which states "[f]ailure to respond timely to a motion *may* result in the court's granting the motion without further notice."   However, the Court will not recommend dismissal solely on that basis.  Instead, for the reasons discussed herein, the Court recommends that these motions be GRANTED.

<u>**BACKGROUND**</u>

The Court finds it unnecessary to repeat the facts of this case in detail as they are sufficiently set forth in Plaintiffs' Complaint and the Defendant Well Fargo's Memorandum in Support of their Motion to Dismiss.  In short, after defaulting on their mortgage[5], Plaintiffs' property was sold at a foreclosure sale in July 2012.  The property was then conveyed to third-party purchasers.  Plaintiffs refused to vacate the property and Wells Fargo brought a successful eviction proceeding against Plaintiffs in Utah's Third District Court ("state court case").  The Plaintiffs were ordered to vacate the property by December 16, 2012.  In response, the Plaintiffs filed the present action asserting four causes of action:  (1) Violation of the Home Ownership & Equity Protection Act, Title 15 U.S.C. § 1639; (2) Violation of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667(f); (3) Violation of Dodd-Frank Wall Street Reform & Consumer Protection Act, Title X and XIV; and (4) Violation of the Fourteenth Amendment of the U.S. Constitution.[6]

Shortly after the Complaint was filed, Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") and Motion for Preliminary Injunction, seeking to restrain the Defendants from evicting Plaintiffs from the property.[7]  After a hearing, the Court found that the removal of the state court case to this Court was improper and denied the Motion for TRO and Preliminary

---

[5] Within the Complaint, the Plaintiffs admit that they "made regular scheduled payments…until February 2009 [and] owe approximately $85,000.00 on the note."  Complaint, docket no. 1 [hereinafter Compl.] at 7.
[6] <u>See</u> Compl.
[7] Docket no. 3.

Injunction.[8]  Through its Motion to Dismiss, which has been joined by Security National, Wells

Fargo seeks dismissal on three grounds: (1) violation of Rule 8 of the Federal Rules of Civil

Procedure; (2) violation of Rule 12(b)(6) of the Federal Rules of Civil Procedure and (3)

dismissal based on mootness because Plaintiffs' property has already been sold to third-party

purchasers.   Because the Court finds that Wells Fargo's arguments relating to Rule 8 are

dispositive, the Court will not address Wells Fargo's other arguments.

## ANALYSIS

Plaintiffs are proceeding *pro se* so the Court will construe their pleadings liberally and

hold their submissions to a less stringent standard than that for formal pleadings drafted by

attorneys.[9]  "[I]f the court can reasonably read the pleadings to state a valid claim on which the

plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority,

his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements."[10]  But, it is not the court's responsibility to assume

the role of advocate for the pro se litigant.[11]  Therefore, the broad reading of the Rasmussen's

Complaint does not relieve them of the burden of "alleging sufficient facts on which a

recognized legal claim could be based."[12]

### A.  Wells Fargo's Motion to Dismiss Pursuant to Rule 8[13]

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief."[14]  Thus, a pleading

must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[8] Docket no. 8.
[9] See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted).
[10] Id.
[11] Id.
[12] Id.
[13] As previously mentioned, Defendant Security National Mortgage has also joined in Wells Fargo's Motion to Dismiss.
[14] Fed.R.Civ.P. 8(a)(2).

plausible on its face.'"[15]  This standard requires a pleading to contain more than "labels and

conclusions or…naked assertion[s] devoid of further factual enhancement."[16]  Accordingly, a

court should grant a motion to dismiss where the "factual content" of the pleading does not

"allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[17]   Determining whether a pleading meets this standard "requires the

reviewing court to draw on its judicial experience and common sense."[18]  "But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[19]

　　　Plaintiffs' Complaint does not meet Rule 8's pleading standard.  Rather, as argued by

Wells Fargo, Plaintiffs' Complaint asserts "general misconduct in the banking industry and

recount[s] an alleged history of the mortgage crisis, but fail[s] to allege any specific facts with

respect to Wells Fargo or the Plaintiffs themselves."  A "broad reading" of the Complaint

appears to demonstrate that Plaintiffs' claims are based upon a theory that Wells Fargo was

under some sort of under an obligation to disclose or prove that they owned Plaintiffs' note

before foreclosure could be initiated.  This theory, as Wells Fargo correctly points out has been

repeatedly rejected by this Court.[20]  In addition, the Plaintiffs fail to assert any facts under each

---

[15] Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[16] Id. at 678 (quoting Twombly, 550 U.S. at 555-57)(internal quotation marks omitted).
[17] Id. at 663 (citing Twombly, 550 U.S. at 556).
[18] Iqbal, at 679 (citation omitted).
[19] Id. (citing F.R.C.P. 8(a)(2)).
[20] See e.g., Bishop v. Bank of America, N.A., No. 2:11-cv-780-DB-PMW, 2012 WL 1556651 at *3-4 (D. Utah, April 16, 2012)(citing Hoverman v. CitiMortgage, Inc., No. 2:11-cv-00118-DAK, 2011 WL 3421406 at *5 (D. Utah August 4, 2011) ("[A trustee] does not have a statutory duty to disclose its authority to foreclose because the statute governing non-judicial foreclosure in Utah does not contain any requirement that the trustee demonstrate his or her authority in order to foreclose. The court declines to create a requirement where the legislature chose not to include one.  Therefore, the court holds that, under the terms of the relevant documents and the current statute, [a trustee] is not required to demonstrate its authority to foreclose before initiating foreclosure proceedings.")(citations omitted).

cause of action that allow the Court to see how their loan was subject to these laws or how Wells Fargo or Security National Mortgage for that matter, may have violated them.[21]

Thus, even a broad reading of Plaintiffs' Complaint does not contain enough factual content in order to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"[22] because the overarching theory that the Plaintiffs appear to relying upon has been rejected by this Court.  Therefore, Wells Fargo's Motion to Dismiss should be granted.[23]

**B.  Security National Mortgage Company's Motion to Dismiss for Lack of Proper Service**

Plaintiffs mailed a copy of the Complaint to "Security National Mortgage 5255 South Pinemont Dr., Murray, UT 84123." Security National moves for dismissal of Plaintiff's claims against it pursuant to Rule 4(e) and (h) of the Federal Rules of Civil Procedure which requires that Plaintiff serve a defendant who is a corporation by delivery copy of the complaint and summons "to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process.."  Here, the Plaintiff's did not personally serve any officers, managers, general agent or other authorized agent.  Instead, they Plaintiff ignored the publicly available address and agent information available to Plaintiff through the State of Utah and simply mailed the documents to Security Mortgage at the aforementioned address.  Therefore, under Rule 4, service of the complaint and summons on Security National was improper and the undersigned recommends that Security National Mortgage's Motion to Dismiss be GRANTED.

---

[21] For example, as to their first cause of action, Plaintiffs only allege that they were denied protection under the Home Ownership & Equity Protection Act and that Wells Fargo must "show cause as to why they violated this federal law."[21]

[22] Iqbal, at 663.

[23] Accordingly, because of Security National has joined in Wells Fargo's Motion to Dismiss, for the reasons set forth above, the Court recommends that in addition to Wells Fargo, Security National be dismissed from this lawsuit.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that Wells Fargo's Motion to Dismiss be **GRANTED**.  The undersigned **FURTHER RECOMMENDS** that Security National's Motion to Dismiss be **GRANTED**.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[24]   A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 10 April 2013.

Brooke C. Wells
United States Magistrate Judge

---

[24] See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).